IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| THE CHESAPEAKE LIFE INSURANCE COMPANY )<br><br>   Plaintiff )<br>)<br>v. )<br>)<br>JANNIE MAE TWEEDY, SCOTTY J. McKENZIE II, and SANDRA EADY MCKENZIE )<br>)<br>   Defendants ) | CIVIL ACTION FILE NO.<br><br>____5:13-CV-372_____ |

# COMPLAINT IN INTERPLEADER

Now comes THE CHESAPEAKE LIFE INSURANCE COMPANY ("Chesapeake Life"), and files this complaint in interpleader pursuant to 28 U.S.C. § 1335, showing the Court as follows:

## Cause of Action

1.

This complaint in interpleader is brought pursuant to pursuant to 28 U.S.C. § 1335 to determine the correct beneficiary or beneficiaries of a life insurance benefit payable by Chesapeake Life as a result of the death of Danny McKenzie, also known as Carl A. Tweedy ("the Decedent").

2.

Chesapeake Life is uncertain as to the proper recipient of such benefits, and Chesapeake Life may be exposed to double or multiple liability unless such benefits are paid into the registry of this Court and the correct beneficiary is determined by this Court.

**Jurisdiction and Venue**

3.

Chesapeake Life is incorporated under the laws of the State of Oklahoma and maintains its home office in North Richland Hills, Texas.  Chesapeake Life is duly licensed to do business in the State of Georgia.

4.

Defendant Jannie Mae Tweedy is a citizen of the State of Georgia, formerly residing in Albany, Dougherty County, and now residing in Arrendale Prison, Habersham County, and is subject to the jurisdiction of this Court pursuant to U.S.C. § 2361. Chesapeake Life has been informed that defendant Tweedy is the surviving wife of the Decedent.

5.

Defendant Scotty J. McKenzie II is a citizen of the State of Georgia, residing in Montezuma, Macon County, Georgia, and is subject to the jurisdiction of this Court pursuant to U.S.C. § 2361.  Mr. McKenzie is the nephew of the Decedent.

6.

Defendant Sandra Eady McKenzie is a citizen of the State of North Carolina, residing in Fayetteville, North Carolina, and is subject to the jurisdiction of this Court pursuant to 28 U.S.C. § 2361.  According to the death certificate of the Decedent, Ms. McKenzie is the surviving spouse of the Decedent.

7.

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1335, because (a) Chesapeake Life has in its possession money of the value of $500 or more; (b) two or more adverse claimants of diverse citizenship, as defined in 28 U.S.C. § 1332(a), are claiming or may claim to be entitled to such money; and (c) Chesapeake Life will deposit such money into the registry of this Court, there to abide the judgment of this Court, immediately upon the entry of an order authorizing such payment.

8.

Venue is proper in this Court pursuant to 28 U.S.C. § 1397, because one of the defendants resides in this judicial district.

## The Decedent's Life Insurance Coverage

9.

The Decedent submitted to Chesapeake Life an application dated February 25, 2005, for insurance in the amount of $20,000 with an accidental death insurance rider. The application was signed "Carl A. Tweedy."

10.

In the application, the Decedent designated as his primary beneficiary "Juanita Tweedy, wife," and as his contingent beneficiary "Scotty J. McKenzie, Jr., nephew."

11.

In response to the application, Chesapeake Life issued Policy No. N20050205585 ("the Policy") to the Decedent, "Carl A. Tweedy," effective March 15, 2005, providing life insurance coverage in the amount of $20,000, and accidental death insurance coverage in the amount of $20,000.

12.

A redacted copy of the Policy, including the Application, is attached hereto as Exhibit 1.

13.

Upon information and belief, Juanita Tweedy, the primary beneficiary, died on January 19, 2010.

**Change of Beneficiary**

14.

The Decedent signed a Beneficiary and Owner Change Request form ("beneficiary change form") dated September 12, 2011, designating as his primary beneficiary "Jannie Mae Tweedy," whose relationship to the Decedent was identified as "wife," and designating as his contingent beneficiary "Scotty J. McKenzie, Jr."

15.

A redacted copy of the beneficiary change form is attached hereto as Exhibit 2.

16.

Chesapeake Life acknowledged the change of beneficiary by letter dated September 14, 2011.

17.

A redacted copy of the letter dated September 14, 2011, is attached hereto as Exhibit 3.

**The Decedent's Death and Conflicting Claims to the Death Benefits**

18.

The Decedent was shot to death on December 25, 2012.  The manner of death was determined to be homicide.

19.

A redacted copy of the Decedent's death certificate is attached hereto as Exhibit 4.

20.

The death certificate identified the Decedent's surviving spouse as defendant Sandra Eady McKenzie, not defendant Jannie Mae Tweedy.

21.

At the time of the Decedent's death, defendant Jannie Mae Tweedy was the primary beneficiary of the Policy, and defendant Scotty McKenzie was the contingent beneficiary.

22.

By reason of the Decedent's death, death benefits of $39,446.94, plus applicable interest, became payable under the Policy, consisting of a life insurance benefit of $20,000, minus an outstanding Policy loan, and an accidental death insurance benefit of $20,000, plus applicable interest.

23.

Chesapeake Life wrote to defendant Jannie Mae Tweedy by letter dated January 7, 2013, enclosing a Claimant's Statement and requesting additional documentation.

24.

A redacted copy of the letter dated January 7, 2013 is attached hereto as Exhibit 5.

25.

Defendant Tweedy submitted a Claimant's Statement dated February 20, 2013, by which she made a claim to the death benefits payable under the Policy.

26.

A redacted copy of defendant Tweedy's Claimant's Statement is attached hereto as Exhibit 6.

27.

Chesapeake Life wrote to defendant Tweedy by letter dated February 26, 2013, stating that it was reviewing the claim information.

28.

A redacted copy of the letter dated February 26, 2013, is attached hereto as Exhibit 7.

29.

On or about February 27, 2013, Chesapeake Life received a letter from attorney Romero Pearson, who stated that he represented defendant Sandra Eady McKenzie "on behalf of her deceased husband Danny McKenzie AKA Carl Tweedy." Mr. Pearson requested information regarding the Policy pursuant to O.C.G.A. § 33-3-28, which provides in relevant part that:

> (a)(1) Every insurer providing liability or casualty insurance coverage in this state and which is or may be liable to pay all or a part of any claim shall provide, within 60 days of receiving a written request from the claimant, a statement . . . with regard to each known policy of insurance issued by it, including excess or umbrella insurance, the name of the insurer, the name of each insured, and the limits of coverage . . .
>
> (b) If the request provided in subsection (a) of this Code section contains information insufficient to allow compliance, the insurer . . . may so state in writing, stating specifically what additional information is needed, and such compliance shall constitute compliance with this Code section.

30.

A copy of the letter dated February 27, 2013, is attached hereto as Exhibit 8.

31.

On March 4, 2013, Chesapeake Life was informed by T.J. Farmer, a deputy sheriff in Worth County, Georgia, that defendant Jannie Mae Tweedy had been charged with "murder with malice" in the death of the Decedent.

32.

Chesapeake Life wrote to Mr. Pearson by letter dated March 14, 2013, stating that "we have determined that Sandra Eady McKenzie is not the owner or beneficiary of this insurance policy, therefore we are unable to release any information to her."

33.

A copy of the letter dated March 14, 2013, is attached hereto as Exhibit 9.

34.

Chesapeake Life received from Mr. Pearson a second letter, dated March 20, 2013, stating that he represented "the Estate of Danny McKenzie a/k/a Carl A. Tweedy and the administrator Scotty McKenzie."

35.

A copy of the letter dated March 20, 2013, is attached hereto as Exhibit 10.

36.

Chesapeake Life responded by letter dated April 1, 2013, requesting documentation confirming the identity of the administrator of the Decedent's estate.

37.

A copy of the letter dated April 1, 2013, is attached hereto as Exhibit 11.

38.

Chesapeake Life received a Claimant's Statement signed by Mr. Pearson and dated April 15, 2013, by which defendant Scotty McKenzie, individually, made a claim to the death benefits of the Policy as a "named beneficiary." Mr. Pearson provided the mailing address of his law firm.

39.

A redacted copy of defendant Scotty McKenzie's Claimant's Statement is attached hereto as Exhibit 12.

40.

By letter to defendant Scotty McKenzie dated April 24, 2013, and addressed to the office of his attorney, Chesapeake Life informed defendant Scotty McKenzie that it was reviewing the claim information.

41.

A redacted copy of the letter dated April 24, 2013, is attached hereto as Exhibit 13.

42.

On or about May 10, 2013, Chesapeake Life received a copy of an Incident Report prepared by the Worth County Sheriff's Office concerning the death of the Decedent, dated December 24, 2012. The report stated that defendant Jannie Mae Tweedy was charged with his murder.

43.

A redacted copy of the Incident Report dated December 24, 2012, is attached hereto as Exhibit 14.

44.

The report also stated that "Carl Andrew Tweedy is also known as Danny Hosea McKenize [sic]."

45.

By letter dated May 15, 2013, Chesapeake Life informed defendant Scotty McKenzie that it was reviewing the claim information.

46.

A redacted copy of the letter dated May 15, 2013, is attached hereto as Exhibit 15.

47.

In July 2013, Chesapeake Life learned that defendant Jannie Mae Tweedy had signed a Plea Recommendation and Agreement on May 10, 2013, by which she agreed to plead guilty to the voluntary manslaughter of the Decedent. The plea was entered and defendant Tweedy was sentenced to 20 years in prison, on or about June 11, 2013.

48.

Redacted certified copies of the Plea Recommendation and Agreement dated May 10, 2013, and the Final Disposition Felony Confinement Sentence form dated June 11, 2013, are attached hereto as Exhibits 16 and 17.

49.

With regard to payment of death benefits under a policy of life insurance, the Georgia "slayer statute," O.C.G.A. § 33-25-13, provides:

> No person who commits murder . . . shall receive any benefits from any insurance policy on the life of the deceased, even though the person so killing or conspiring be named beneficiary in the insurance policy. A plea of guilty or a *judicial finding of guilt not reversed* or otherwise set aside as to any of such crimes shall be prima-facie evidence of guilt in determining rights under this Code section. *All right, interest, estate, and proceeds in such an insurance policy shall go to the other heirs of the deceased* who may be entitled thereto by the laws of descent and distribution of this state,

*unless secondary beneficiaries be named in the policy, in which event such secondary beneficiaries shall take.*

(Emphasis added.)

50.

If the Court determines that defendant Jannie Mae Tweedy is not entitled to the death benefits under the Policy, then under the "slayer statute" it appears that the death benefits would be payable to the secondary beneficiary, defendant Scotty McKenzie, who has submitted a claim.

51.

Chesapeake Life is uncertain, however, whether defendant Sandra McKenzie intends to make a claim to the death benefits.

52.

By reason of the matters set out above, Chesapeake Life cannot safely determine what disposition it should make of the death benefits payable under the Policy.

53.

As a result, Chesapeake Life may be subjected to multiple litigation and exposed to multiple liability, unless this Court authorizes it to pay the aforesaid benefits into the registry of this Court and requires the claimants to assert in this proceeding any claims which they may have or may wish to assert to such benefits.

WHEREFORE, plaintiff CHESAPEAKE LIFE INSURANCE COMPANY prays that:

(a)     Its civil action of interpleader be allowed;

(b) Defendants be directed and required to interplead in this action and to set forth in this case any claims which they may have or may wish to assert to the death benefits and interest payable under Policy No. N20050205585 by reason of the death of the Decedent;

(c) Defendants be temporarily and permanently restrained pursuant to 28 U.S.C. § 2361 from instituting or prosecuting against Chesapeake Life any claim in any state or United States court affecting said death benefits, except by way of interpleader in this action;

(d) Chesapeake Life be authorized and directed to pay into the registry of this Court the sum of $39,446.94 plus interest, representing the death benefits payable under Policy No. N20050205585 by reason of the death of the Decedent;

(e) An order be entered discharging Chesapeake Life from further liability under Policy No. N20050205585 by reason of the death of the Decedent;

(f) This Court determine all conflicting claims to said death benefits and give direction as to the proper recipient of said benefits;

(g) Chesapeake Life be awarded a reasonable sum to cover its costs, expenses, and attorney's fees in connection with bringing this interpleader action; and

(h) Chesapeake Life have such other and further relief to which it may be entitled.

This 27th day of September, 2013.

*s/H. Sanders Carter, Jr.*
H. Sanders Carter, Jr.
Georgia Bar No. 114100

*s/Jennifer Noland Rathman*
Jennifer Noland Rathman
Georgia Bar No. 411044

Attorneys for Plaintiff
Chesapeake Life Insurance Company

SMITH MOORE LEATHERWOOD LLP
Atlantic Center Plaza
1180 W. Peachtree Street, Suite 2300
Atlanta, Georgia, 30309
Tel: (404) 962-1000
Fax: (404) 962-1213
*sanders.carter@smithmoorelaw.com*
*jennifer.rathman@smithmoorelaw.com*