IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **CHESAPEAKE LIFE INSURANCE COMPANY,** | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) CIVIL ACTION NO. 5:13-CV-372 (MTT) |
| **JANNIE MAE TWEEDY,** *et al.*, | ) ) ) |
| Defendants. | ) ) ) |

## ORDER

On September 27, 2013, Plaintiff Chesapeake Life Insurance Company filed its complaint in interpleader pursuant to 28 U.S.C. § 1335, claiming that it was uncertain as to the correct beneficiary or beneficiaries of Carl A. Tweedy's life insurance policy. On October 4, 2013, the Court granted Chesapeake's motion to deposit funds (Doc. 8), and Chesapeake paid the proceeds into the registry of the Court on October 15, 2013.

Now before the Court is Chesapeake and Defendant Scotty J. McKenzie, II's joint motion to dismiss action with prejudice, discharge from liability, permanent injunction, and disbursement of funds. (Doc. 13). With regard to Chesapeake's request for attorney's fees, interpleader plaintiffs are not clearly entitled to such an award. 28 U.S.C. § 1335, which governs this interpleader action, does not provide for awarding costs or attorney's fees. Although Eleventh Circuit precedent has afforded district courts discretion to award attorney's fees to certain interpleader plaintiffs, there is also a well-recognized, and oft-followed, exception to this general rule. In *In re Mandalay Shores Cooperative Housing Ass'n*, 21 F.3d 380 (11th Cir. 1994), the Eleventh Circuit

recognized that attorney's fees may not be warranted "when a stakeholder's interpleader claim arises out of the normal course of business."[1] *Id.* at 383. Typically, the *Mandalay Shores* court noted, this exception is "applied to insurance companies." *Id.* District courts in this Circuit have followed *Mandalay Shores'* guidance and denied attorney's fees awards to "life insurance companies for whom interpleader actions are an entirely predictable and routine cost of doing business for which appropriate mitigating measures can be taken in advance." *Am. Gen. Life Ins. Co. v. Jones*, 2008 WL 4949847, at *3 (S.D. Ala.); *accord Am. Gen. Life Ins. Co. v. Soule*, 2008 WL 4790654, at *3 (M.D. Fla.); *Hauger v. John Hancock Life Ins. Co.*, 2008 WL 341432, at *4 (M.D. Fla.); *Life Investors Ins. Co. of Am. v. Childs*, 209 F. Supp. 2d 1255, 1257 (M.D. Ala. 2002).

Here, Chesapeake has made no attempt to distinguish the circumstances of this case from those in *Mandalay Shores* and its progeny. Nor has Chesapeake provided any documentation as to why the attorney's fees award it includes in the proposed consent order is reasonable under the circumstances. *See Childs*, 209 F. Supp. 2d at 1256 (finding fees over two percent of the total stake were not "quite minor," as the Eleventh Circuit envisions them being when awarded). Accordingly, despite McKenzie's concession to Chesapeake's request, the Court exercises its discretion not to award attorney's fees to Chesapeake unless it can establish attorney's fees are warranted within **10 days** of the entry of this Order.

---

[1] The Eleventh Circuit explained, "[A]n insurance company, for example, avails itself of interpleader to resolve disputed claims to insurance proceeds-disputes that arise with some modicum of regularity. In a sense, the insurance company will use interpleader as a tool to allocate proceeds and avoid further liability. As the costs of these occasional interpleader actions are foreseeable, the insurance company easily may allocate the costs of these suits to its customers." *Mandalay Shores*, 21 F.3d at 383.

-3-

With regard to Chesapeake's request for discharge, the Court agrees that Chesapeake has fulfilled its obligations by depositing the funds into the registry of the Court.  Accordingly, to the extent it seeks discharge, the motion is **GRANTED**, and Chesapeake will be **DISMISSED with prejudice** as a party in this action when the matter of attorney's fees is resolved.

With regard to Chesapeake's request for disbursement of the interpleader funds, a default by other potential beneficiaries does not establish that the responding potential beneficiary is entitled to the proceeds.  Accordingly, Chesapeake and McKenzie's request for disbursement of the interpleader funds is **DENIED**.  Because the Court is retaining jurisdiction over this case and not disbursing the funds, a permanent injunction pursuant to 28 U.S.C. § 2361[2] would not be appropriate at this time.  Accordingly, Chesapeake and McKenzie's request for permanent injunction is **DENIED**.

After Chesapeake has been discharged, the Court will convene a status conference with McKenzie to determine how the case will proceed.

**SO ORDERED,** this 27th day of January, 2014.

S/ Marc T. Treadwell  
MARC T. TREADWELL, JUDGE  
UNITED STATES DISTRICT COURT

---

[2] "In any civil action of interpleader or in the nature of interpleader under section 1335 of this title, a district court may issue its process for all claimants and enter its order restraining them from instituting or prosecuting any proceeding in any State or United States court affecting the property, instrument or obligation involved in the interpleader action until further order of the court." 28 U.S.C. § 2361.